FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 JUL -7 PM 4: 22

[signature]
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Case No. CR605-031 |
| ) | |
| ERVIN MINCEY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a motion to suppress statements that he made to a government agent on March 9, 2006 while in custody at the Bulloch County Jail. Doc. 31. Defendant contends that his statements were elicited by the agent after his arraignment and request for appointment of counsel and therefore violated his Fifth and Sixth Amendment rights. Id. The Court held an evidentiary hearing on the motion on July 6, 2006, at which time the government offered testimony from Agent Kent Munsey of the DEA Task Force in Savannah. Defendant testified on his own behalf regarding the circumstances surrounding the interview. For the following reasons, defendant's motion should be DENIED.

Defendant seeks to exclude statements that he made to Agent Munsey following his initial appearance and request for appointment of counsel before this Court. The government does not dispute that the statements were made following defendant's initial appearance but asserts that no Sixth Amendment violation occurred since defendant himself requested the interview with Agent Munsey. Defendant denies that he ever requested such an interview.

The Sixth Amendment right to counsel attaches at or after the time judicial proceedings have been initiated against a defendant. Fellers v. United States, 540 U.S. 519, 523 (2004). The Sixth Amendment prohibits the admission of statements deliberately elicited by the government from a defendant after adversary criminal proceedings have begun, unless defendant's counsel is present or defendant waives his right to counsel. Id.; Massiah v. United States, 377 U.S. 201 (1964); United States v. Gunn, 369 F.3d 1229, 1237 (11th Cir. 2004). Therefore, "once adversary proceedings have commenced against an individual, he has a right to legal representation when the government interrogates him." Brewer v. Williams, 430 U.S. 387, 401 (1977). The Supreme Court has held that the

Fifth Amendment right to counsel may be waived even after it has attached if "the accused himself initiates further communication, exchanges, or conversations with the police." Edwards v. Arizona, 451 U.S. 477, 485 (1981). The Court has extended this principle to Sixth Amendment rights as well. See Michigan v. Jackson, 475 U.S. 625, 635 (1986) (finding that the Edwards standard applies in assessing claims brought under the Sixth Amendment); see also Patterson v. Illinois, 487 U.S. 285, 291 (1988). Thus, where a defendant initiates communication with the government after his Sixth Amendment right to counsel attaches, any statements resulting from that communication are admissible. United States v. Gonzalez, 183 F.3d 1315, 1323-24 (11th Cir. 1999), *overruled on other grounds*, United States v. Diaz, 248 F.3d 1065 (11th Cir. 2001); United States v. Gaddy, 894 F.2d 1307, 1313 (11th Cir. 1990); see also United States v. Laster, No. 05-12440, 2006 WL 1626972, *3, 4 (11th Cir. June 14, 2006) (where defendant's statements not prompted by police, given at request of police, or exploited by police, defendant's Sixth Amendment rights were not violated); Shafer v. Bowersox, 329 F.3d 637, 654 (8th Cir. 2003).

After defendant returned to the Bulloch County Jail following his

arraignment, Agent Munsey received a call from a jail official indicating that defendant wished to speak with him. Upon arriving at the jail, Agent Munsey met defendant in the lobby of the jail and inquired whether defendant wanted to talk. Defendant indicated that he did.[1] When Agent Munsey and defendant arrived in the interview room, Agent Munsey asked defendant, "What's going on?," and defendant began to talk. Agent Munsey, however, interrupted defendant and administered the standard Miranda warnings before he made any statements relating to his case. Despite defendant's contention that he did not understand these rights and that he did not have an opportunity to stop the interview or request the assistance of his appointed counsel, the Court finds that defendant understood his rights and knowingly and voluntarily waived his right to have counsel present by continuing to talk with Agent Munsey.[2] See

---

[1] Although defendant testified that he did not request this meeting, the Court credits the testimony of Agent Munsey that it was defendant, not the agent, who initiated the meeting. Agent Munsey testified that he never speaks with an indicted defendant unless the defendant initiates the contact. The Court has reviewed a recording of the interview conducted by Agent Munsey and finds that it lends credence to the agent's testimony that defendant requested the meeting, for the recording shows that Agent Munsey began the interview by asking defendant what he wanted to talk about and waited for defendant to set the parameters for the interview.

[2] The tape recording also shows that Agent Munsey paused after reading defendant each right and asked defendant if he understood that particular right. Defendant never indicated that he did not understand these rights.

4

Patterson, 487 U.S. 285, 292-93 (the administration of Miranda rights made defendant sufficiently aware of his right to have counsel present during questioning and of the possible consequences of a decision to proceed without the aid of counsel, and therefore he validly waived his right to have counsel present during that questioning).

Since defendant himself initiated the interview with Agent Munsey, and since he was reminded of his right to counsel by the agent prior to the interview, defendant waived the Sixth Amendment protections that had attached during his initial appearance for the purpose of that interview. Therefore, defendant's statement was not taken in violation of his constitutional rights, and his motion to suppress should be DENIED.

**SO REPORTED AND RECOMMENDED** this 7th day of July, 2006.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**