# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

ERVIN MINCEY,                          )
                                       )
    Movant,                )
                                       )
v.                                     )    Case No.   CV612-046
                                       )              CR605-031
UNITED STATES OF AMERICA,              )
                                       )
    Respondent.            )

# REPORT AND RECOMMENDATION

Ervin Mincey has submitted for filing his second 28 U.S.C. § 2255 motion attacking the same 2005 conviction for distribution of controlled substances. (Doc. 1); *see Mincey v. United States*, No. CV609-003 (S.D. Ga. Oct. 12, 2010.) Since this is a successive motion, Mincey must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application."[1] 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). In

---

[1] Mincey claims that he is entitled to relief pursuant to *Depierre v. United States*, ___ U.S. ___, 131 S. Ct. 2225 (2011). The Court takes no position on the retroactivity of that case or its application to Mincey. It rejects, however, Mincey's contention that because the petition is timely under 28 U.S.C. § 2255(f)(3) (one year from the date on which a new right is recognized by the Supreme Court) it is not successive. (Doc. 1 at 3.) The inquiries are entirely distinct.

fact, district courts *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Because Mincey has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should

likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

    **SO REPORTED AND RECOMMENDED** this  14th  day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
